IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HOWARD DEAN RUBLE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 03-CV-368-TCK-FHM |
| ) | |
| RANDALL WORKMAN, Warden, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

Before the Court is Petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 1). Petitioner is a state inmate and appears *pro se*. Petitioner challenges his conviction entered in Ottawa County District Court, Case No. CF-2001-429. Respondent filed a response (Dkt. # 6) to the petition and provided state court records necessary for adjudication of Petitioner's claims. Petitioner did not file a reply. For the reasons discussed below, the Court finds the petition shall be denied.

*BACKGROUND*

On July 15, 2001, the owner of State Line Auto Salvage, located in Ottawa County, Oklahoma, arrived on his property after business hours and found that Petitioner Howard Dean Ruble had parked his car inside the fenced area and in front of a Pontiac in the salvage yard. Petitioner had taken his tools out of his vehicle. The previous week, Petitioner had been at the salvage yard inquiring as to the price of the front end of one of the Pontiacs. A detective in the Ottawa County Sheriff's Department arrived at the scene and observed a bolt to be missing from the front end of the Pontiac. The detective advised Petitioner of his rights under Miranda.[1] Petitioner

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

indicated he was willing to talk to the Detective and eventually told the detective he was only going to take the front headlight assembly.

On May 28, 2002, Petitioner, represented by attorney Frank Greer, entered a plea of *nolo contendere* in Ottawa County District Court, Case No. CF-2001-429, to Second Degree Burglary, After Former Conviction of a Felony. Upon conviction, he was sentenced to ten (10) years imprisonment, and ordered to pay a fine of $500 and a $250 victim compensation assessment. As part of his plea agreement, a charge of bail jumping, filed in Ottawa County District Court, Case No. CF-2001-661, was dismissed. The trial court advised Petitioner of his right to appeal.

On or about June 1, 2002, Petitioner filed a *pro se* motion to withdraw his plea of *nolo contendere*. The trial court held a hearing on the motion on July 1, 2002. Petitioner's counsel was present at the hearing. However, Petitioner expressed his intent to proceed *pro se* on his motion and argued that he should be allowed to withdraw his plea because he received ineffective assistance of counsel. He complained that his attorney "never helped me out with the case, never come and talked to me, I never seen him on my case until I come over here to go to rail, never knew of my trial date . . . I came in and had to plead guilty and only had ten minutes to decide what I was going to do." (Dkt. # 7, Trans. Mot. Hr'g at 3). At the conclusion of the hearing, the trial court denied the motion to withdraw plea, instructed Petitioner's trial counsel to file the papers necessary to perfect a *certiorari* appeal, and appointed OIDS (Oklahoma Indigent Defense System) appellate division to represent Petitioner on appeal. Id. at 12-14.

Petitioner, represented by attorney Lee Ann Jones Peters, perfected a *certiorari* appeal in the Oklahoma Court of Criminal Appeals ("OCCA"). He raised three (3) propositions of error as follows:

    1.      Mr. Ruble was improperly denied the assistance of counsel at the hearing on his motion to withdraw his nolo contendere plea, in violation of the Sixth Amendment.

    2.      The offer of proof by the state was insufficient to support a legal finding that Petitioner committed the crime of Second Degree Burglary because there was no showing that the property involved was a building, room, booth, tent, railroad car, automobile, truck, trailer, vessel or other structure or erection included within the purview of the statute. The trial court erred in accepting the plea without a sufficient factual basis, and trial counsel was ineffective for failing to present evidence demonstrating the property did not fall within the statute.

    3.      Because Petitioner did not understand the law in relation to the facts, the plea was not knowingly and voluntarily entered and Petitioner should have been allowed to withdraw his plea.

(Dkt. # 6, Ex. I). By Order filed February 19, 2003 (Dkt. # 6, Ex. K), the OCCA denied the petition for writ of *certiorari* and affirmed the Judgment and Sentence of the trial court.

On May 27, 2003, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1). He asserts four (4) claims, mirroring the three (3) claims raised on *certiorari* appeal.[2] In response to the petition (Dkt. # 6), Respondent asserts that Petitioner is not entitled to relief under 28 U.S.C. § 2254(d).

## *ANALYSIS*

### A. Exhaustion/Evidentiary Hearing

The Court finds that Petitioner has satisfied the exhaustion requirement of 28 U.S.C. §2254(b) for federal habeas corpus review. In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Michael Williams v. Taylor, 529 U.S. 420 (2000).

### B. Claims adjudicated by state courts

The Antiterrorism and Effective Death Penalty Act ("AEDPA") amended the standard to be

---

[2]Petitioner splits the second claim raised in the *certiorari* appeal into two separate habeas claims, identified in the petition as grounds 2 and 4.

3

applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim a petitioner may obtain federal habeas relief only if the state decision "involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 150-51 (10th Cir. 2001). When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). In this case, Petitioner presented all of his habeas claims to the OCCA as part of his *certiorari* appeal. As a result, this Court shall analyze Petitioner's claims under 28 U.S.C. § 2254(d).

### *1. Improper denial of counsel at hearing on motion to withdraw plea (claim 1)*

As his first proposition of error, Petitioner claims he was improperly denied assistance of counsel at the hearing on his motion to withdraw plea of *nolo contendere*. The OCCA rejected this claim, citing Randall v. State, 861 P.2d 314, 316 (Okla. Crim. App. 1993),[3] and finding that

---

[3]In Randall, the OCCA held that "a hearing on an application to withdraw guilty plea is a 'critical stage' which invokes a defendant's right to counsel. We further find that the harmless error doctrine as set forth in *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967) is applicable where: (1) the defendant neither alleges that he is innocent nor that his plea was involuntary; and (2) it is clear that the defendant is not entitled to withdraw his plea." Randall, 861 P.2d at 316.

"Petitioner filed his motion to withdraw plea *pro se* and, at the plea withdrawal hearing, told the trial court he wished to represent himself; even if the trial court should have inquired more fully into Petitioner's decision, the full record before us and the nature of Petitioner's complaint dispels any doubt that such an error was harmless." See Dkt. # 6, Ex. K at 2.

In Faretta v. California, 422 U.S. 806 (1975), the Supreme Court held that a defendant has a right to self-representation, but to invoke that right the defendant must waive his right to counsel "voluntarily" and "knowingly and intelligently." Id. at 835; see also Braun v. Ward, 190 F.3d 1181, 1185 (10th Cir. 1999); United States v. Silkwood, 893 F.2d 245, 248 (10th Cir.1989). When considering the validity of a waiver of trial counsel, a court should consider whether the waiver was "'made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter.'" United States v. Weninger, 624 F.2d 163, 164 (10th Cir. 1980) (quoting Von Moltke v. Gillies, 332 U.S. 708, 723-24 (1948)); see also United States v. Taylor, 183 F.3d 1199 (10th Cir. 1999). "A defendant's right to obtain counsel of his choice must be balanced against the need for the efficient and effective administration of criminal justice." Weninger, 624 F.2d at 166. While courts have "recognized a right of a defendant to proceed without counsel," a defendant "may not use this right to play a 'cat and mouse' game with the court . . . or by ruse or stratagem fraudulently seek to have the trial judge placed in a position where, in moving along the business of the court, the judge appears to be arbitrarily depriving the defendant of counsel." Id. (further quotation omitted).

In this case, Petitioner was advised of his appeal rights at his change of plea hearing. See

Dkt. # 7, Trans. Change of Plea Hr'g at 12. Petitioner began the appeal process by filing a timely *pro se* motion to withdraw plea. With Petitioner's counsel present at the hearing on the motion to withdraw plea, the trial court specifically asked Petitioner, "is it your intent and desire to proceed on that *pro se*?" Petitioner responded, "[y]es, sir." See Dkt. # 7, Trans. Mot. Hr'g at 3. Petitioner never requested appointment of substitute counsel and the trial court judge made no further inquiry concerning representation by counsel. Petitioner proceeded to explain to the judge that he wished to withdraw his plea because his "attorney never helped" him and he "didn't even know what was going on." Id. Petitioner also argued that the property at issue did not fall within the definition provided in the burglary statute, in essence, asserting a claim of legal innocence.

      Thus, the record reflects that Petitioner waived his right to counsel at the hearing on his motion to withdraw plea when he unequivocally expressed his desire to proceed *pro se*. Although the trial court judge did not make further inquiry and did not apprise Petitioner of the pitfalls of proceeding *pro se*, the Court nonetheless finds that under the facts of this case Petitioner's waiver of counsel at the hearing on his motion to withdraw plea was made knowingly, intelligently and voluntarily. See Braun, 190 F.3d at 1187 (discussing distinctions between a waiver of counsel at trial and a waiver of counsel at a post-conviction, post-sentencing hearing on a motion to withdraw plea); United States v. Willie, 941 F.2d 1384, 1388-89 (10th Cir. 1991) (finding that reversal of conviction unnecessary despite district court's failure to discuss representation issues with defendant where surrounding facts and circumstances demonstrated that defendant actually understood his right to counsel and the difficulties of *pro se* representation and knowingly and intelligently waived his right to counsel at trial). The Court further finds that Petitioner has failed to demonstrate in this habeas proceeding that the OCCA's similar finding was contrary to or an unreasonable application

6

of Supreme Court precedent. Therefore, the Court finds habeas corpus relief shall be denied based on § 2254(d).

### 2. *Failure to establish factual basis for plea (claim 4)*

As his fourth proposition of error, Petitioner alleges that the offer of proof by the state was insufficient to support a legal finding that Petitioner committed the crime of second degree burglary. Petitioner raised this claim as part of his second proposition of error in his *certiorari* appeal. The OCCA rejected the claim, finding that there was "sufficient factual basis in the State's offer of proof at the plea hearing for the trial court to conclude that Petitioner had committed the charged offense by forcibly breaking into a 'structure or erection' (a secured fence surrounding the inventory of an auto-salvage business), belonging to another, with the intent to steal property therein." See Dkt. # 6, Ex. K at 2.

As an initial matter, unless a defendant claims factual innocence while pleading guilty, there is no federal constitutional requirement for the district court to ascertain a factual basis for the plea. See Berget v. Gibson, 1999 WL 586986 (10th Cir.1999) (unpublished) (citing Freeman v. Page, 443 F.2d 493, 497 (10th Cir.1971)). As a result, Petitioner is not entitled to habeas corpus relief based on his challenge to the sufficiency of facts presented by the State in its offer of proof at the plea hearing. Furthermore, the OCCA rejected this argument, finding that there were sufficient facts to satisfy that element of the crime. In so finding, the court interpreted Oklahoma case law and the Oklahoma statute, and held that Petitioner had committed the charged offense by forcibly breaking into a 'structure or erection' (a secured fence surrounding the inventory of an auto-salvage business), belonging to another, with the intent to steal property therein. This Court defers to state courts on the interpretation of state law. Burleson v. Saffle, 278 F.3d 1136, 1144 (10th Cir. 2002). Petitioner

has failed to demonstrate that reasonable jurists could debate whether there was an "unreasonable" determination of the facts in light of the evidence. See § 2254(d).

### *3. Ineffective assistance of counsel (claim 2)*

As his second proposition of error, Petitioner complains that his attorney provided ineffective assistance in failing to investigate and utilize evidence to demonstrate that no burglary occurred because "the burglary statute does not list FENCE as one of the places into which a person is forbidden from breaking and entering . . . ." (Dkt. # 1). Petitioner raised this claim as part of his second proposition of error in his *certiorari* appeal. Although the OCCA did not directly address the ineffective assistance of counsel claim, the state appellate court rejected the basis of the claim, finding that, as discussed in Part 2, above, there was sufficient factual basis for the trial court's acceptance of the plea. See Dkt. # 6, Ex. K at 2.

It is well established that to prevail on an ineffective assistance of counsel, a habeas petitioner must satisfy the two-pronged standard enunciated in Strickland v. Washington, 466 U.S. 668 (1984). See Murray v. Carrier, 477 U.S. 478, 488-89 (1986); United States v. Cook, 45 F.3d 388, 394-95 (10th Cir. 1995). The Strickland test requires a showing of both deficient performance by counsel and prejudice to Petitioner as a result of the deficient performance. Strickland, 466 U.S. at 687. To satisfy the deficient performance prong of the test, Petitioner must overcome a strong presumption that counsel's conduct fell within the "wide range of reasonable professional assistance [that] . . . might be considered sound trial strategy." Brecheen v. Reynolds, 41 F.3d 1343, 1365 (10th Cir. 1994) (citations omitted). "A claim of ineffective assistance must be reviewed from the perspective of counsel at the time and therefore may not be predicated on the distorting effects of hindsight." Id. (citations omitted). Finally, the focus of the first prong is "not what is prudent or

appropriate, but only what is constitutionally compelled." Id. To establish the prejudice prong of the test, Petitioner must show that the allegedly deficient performance prejudiced the defense; namely, "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Strickland, 466 U.S. at 694. Failure to establish either prong of the Strickland standard will result in denial of relief. Id. at 696.

In this case, as discussed in more detail above, the record demonstrates that the State's offer of proof included sufficient facts to support the trial court's acceptance of Petitioner's *nolo contendere* plea. Thus, the claim underlying Petitioner's allegation of ineffective assistance of counsel lacks merit. As a result, Petitioner's counsel did not perform deficiently in failing to argue that the facts did not support the elements contained in the burglary statute. Failure to raise a non-meritorious claim is not ineffective assistance of counsel. See Kimmelman v. Morrison, 477 U.S. 365, 375 (1986) (counsel cannot be deemed constitutionally ineffective for failing to pursue nonmeritorious issue); Foster v. Ward, 182 F.3d 1177, 1186 (10th Cir. 1999); Jones v. Stotts, 59 F.3d 143, 147 (10th Cir. 1995); United States v. Green, 963 F.2d 383 (10th Cir. 1992) (unpublished). As a result, the Court finds Petitioner has failed to satisfy the deficient performance prong of the Strickland standard and he is not entitled to habeas corpus relief on his claim of ineffective assistance of counsel.

### *4. Involuntary plea (claim 3)*

As his third proposition of error, Petitioner claims that he did not understand the law in relation to the facts, and that, as a result, his plea of *nolo contendere* was not knowingly and voluntarily entered. In rejecting this claim on *certiorari* appeal, the OCCA found that Petitioner had "failed to present any evidence that at the time he entered his plea, he misunderstood the allegations

or the legal import of the facts. The record shows that Petitioner's decision to accept a *nolo contendere* plea offer was a voluntary and intelligent choice among alternative courses of action open to him." See Dkt. # 6, Ex. K at 2-3.

The Court finds that Petitioner has failed to demonstrate that his no contest plea was accompanied by any error of constitutional magnitude. Petitioner's allegations are not supported by the record. When Petitioner entered his plea of *nolo contendere*, the following exchange between the trial judge and Petitioner took place:

| | |
|---|---|
| THE COURT: | Mr. Ruble, you've heard the announcement of your counsel that you wish at this time to withdraw your plea of not guilty and enter a plea of nolo contendere; is that correct. |
| THE WITNESS: | Yes, sir. |
| THE COURT: | Has your counsel gone over with you what a nolo contendere plea is? |
| A: | Yes, sir. |
| THE COURT: | Do you understand that basically you're going, you're telling the Court, the Court's going to listen to an offer of proof from the district attorney and if I find that offer of proof sufficient then the Court will find you guilty. Do you understand that? |
| A: | Yes, sir. |
| THE COURT: | Mr. Ruble, I have before me an instrument which is entitled plea of nolo contendere summary of facts. Have you had an opportunity to review this instrument? |
| A: | Yes, sir. |
| THE COURT: | Mr. Ruble, is that your signature that appears thereon? |
| A: | Yes, sir. |
| THE COURT: | Mr. Ruble, have you had an opportunity to read the questions asked and circle the answers given? |

| | |
|---|---|
| A: | Yes, sir. |
| THE COURT: | Had an opportunity to visit with your attorney concerning the legal effect of the answers you gave? |
| A: | Yes, sir. |
| THE COURT: | Do you have any question about the questions answers or legal effect? |
| A: | No, sir. |
| THE COURT: | Mr. Ruble, without going through each and every Constitutional right contained within this instrument you have a right to a trial before a jury, which we have in the other courtroom right now, requiring the State to prove that you committed these offenses beyond a reasonable doubt. Do you understand that? |
| A: | Yes, sir. |
| THE COURT: | Do you understand that by entering this plea of nolo contendere you waive or give up not only that Constitutional right but the other Constitutional rights contained within this instrument? |
| A: | Yes, sir. |
| THE COURT: | Mr. Ruble, outside of the plea negotiations as announced by your attorney and the State of Oklahoma is anyone threatening, promising, or otherwise coercing you into changing your plea? |
| A: | No, sir. |
| THE COURT: | Are you entering this plea of nolo contendere freely and voluntarily? |
| A: | Yes, sir. |

(Dkt. # 7, Trans. Change of Plea Hr'g at 3-6). Based on Petitioner's responses, the trial court judge accepted the plea of *nolo contendere*, after finding that a factual basis for the plea existed, and made a finding of guilt. Id. at 9-10.

At the hearing on Petitioner's motion to withdraw his plea, Petitioner testified that he wanted

11

to withdraw his plea of *nolo contendere* "due to the fact that my attorney never helped me out with the case, never come and talked to me, I never seen him on my case until I come over here to go to trial, never knew of my trial date. And I didn't even know what was going on, and he didn't know what was going, and I came in and had to plead guilty and only had ten minutes to decide what I was going to do." (Dkt. # 7, Trans. Mot. Hr'g at 3). After affording Petitioner the opportunity to explain further why he wanted to withdraw his plea, the trial judge denied the motion, stating as follows:

> Well, Mr. Ruble, it's this feeling of this Court that you haven't given this Court any grounds for relief to allow you to withdraw your plea of nolo contendere. The Court has reviewed the transcript of this nolo contendere plea and the paperwork.
>
> And I'm satisfied that on the day that that plea was taken you were fully competent, knew what you were doing, and at that point in time raised no objection to either the plea, the offer of proof, or anything in regard to the questions that this Court asked you on that day.
>
> At this point in time the Court is going to deny your motion to withdraw your plea.

Id. at 11-12. The OCCA affirmed the district court's denial of Petitioner's motion to withdraw his plea, stating:

> Petitioner has failed to present any evidence that at the time he entered his plea, he misunderstood the allegations or the legal import of the facts. The record shows that Petitioner's decision to accept a *nolo contendere* plea offer was a voluntary and intelligent choice among alternative courses of action open to him.

(Dkt. # 6, Ex. K).

The record clearly reflects that the state courts made findings of fact that Petitioner's decision to enter a plea of *nolo contendere* was made knowingly and voluntarily. Factual findings by a state court are entitled to a presumption of correctness which may be rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). In this case, Petitioner has failed to provide clear and convincing evidence to rebut the presumption of correctness to be afforded the state courts' factual

findings as cited above. Petitioner's change of mind after entry of his no contest plea does not negate the fact that the plea was voluntarily entered. In light of his own statements at the plea hearing, Petitioner's subsequent assertions do not establish that he did not knowingly and voluntarily plead *nolo contendere*. The Court finds that the record contradicts Petitioner's challenge to the voluntariness of his plea. Habeas corpus relief shall be denied. 28 U.S.C. § 2254(d), (e)(1).

### *CONCLUSION*

After carefully reviewing the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. Therefore, his petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that** the petition for writ of habeas corpus (Dkt. # 1) is **denied**.

SO ORDERED THIS 12th day of December, 2006.

TERENCE KERN
UNITED STATES DISTRICT JUDGE